A petition has been filed in this court asking it to issue a writ of prohibition to the District Judge of Shelby County to prevent him from hearing a matter involving the custody of a minor child due to the fact that the custody of this same child is a matter of continuing jurisdiction of the Circuit Court of Calhoun County.
The respondent judge has filed his answer in which he contends that the District Court of Shelby County has exclusive, original jurisdiction to hear and decide the custody of this child by virtue of § 12-15-30 (a)(1) and § 12-15-30 (b)(1), Code of Alabama 1975, which are as follows:
 (a) The juvenile court shall exercise exclusive original jurisdiction of the following proceedings, which are governed by this chapter:
 (1) Proceedings in which a child is alleged to be delinquent, dependent or in need of supervision . . . .
. . . . .
 (b) The court shall also exercise exclusive original jurisdiction of the following proceedings, which shall be governed by the laws relating thereto:
 (1) Proceedings to determine custody or to appoint a legal custodian or guardian of the person of a child when the child is otherwise before the court. This provision, however, shall not be construed to deprive other courts of the right to determine the custody or guardianship of the person of children when such custody or guardianship is incidental to the determination of cases pending in those courts. Such courts, however, may certify said questions to the juvenile court for hearing and determination or recommendation;
It appears from the record before us that Brett Lloyd Rowe, a fourteen year old male, is the natural child of Betty G. Smith and Charles C. Rowe who were divorced in January of 1976. The divorce was granted in Calhoun County which was then the domicile of the parents. The divorce decree vested the care, custody and control of Brett with the father, Charles C. Rowe. Subsequently, Mrs. Smith (then Betty Rowe) filed a petition for modification of the divorce decree seeking to gain custody of Brett. The petition was denied on January 3, 1978.
On August 18, 1978 Betty Smith filed a petition in the Juvenile Court of Shelby County, Alabama averring that her son Brett is a dependent child and that the custody of the child is in controversy. Her petition apparently relied on the above-quoted § 12-15-30 and on Code of Alabama 1975, § 12-15-1 (10)(c), which defines a "dependent child" as "[a] child . . . [w]hose custody is the subject of controversy." She also alleged that the child is fourteen years old and wishes to reside with her. There was no averment in her petition that the safety or welfare of the child was threatened.
On September 7, 1978 the District Court of Shelby County denied the father's motion to dismiss the dependency petition filed in that court by the mother.
The father, petitioner here, argues in brief that the circuit court has concurrent jurisdiction with the district court to hear and decide custody of minors, and the circuit court, which first acquired custody jurisdiction, keeps that jurisdiction until a final determination of the custody is made. The respondent judge replies that the true issue is not whether the District Court of Shelby County is attempting to usurp the jurisdiction of the Circuit Court of Calhoun County but whether the District Court of Shelby County, Juvenile Division, has jurisdiction to change the award of custody when the child is before the court on a petition of dependency.
As previously noted, the District Court of Shelby County has "exclusive original jurisdiction" over proceedings in which a child is alleged to be "dependent" and that same court also has "exclusive original jurisdiction" over proceedings in which custody of a child is to be determined when the child is otherwise before the court. §§ 12-15-30 (a)(1) and 12-1540 (b)(1). However, § 12-15-30 (b)(1) specifically provides that the jurisdiction of the juvenile court is not to be construed as depriving other courts of *Page 1249 
jurisdiction to decide child custody as an incident to the determination of cases then pending in those courts.
In the case now before us, the custody of the child in question was placed in the father by the Circuit Court of Calhoun County pursuant to a divorce decree in January 1976. Subsequent to that decree the Calhoun Circuit Court was again called on to decide the custody of the child in question as a result of a modification petition filed by the mother, Mrs. Betty Smith, the petitioner in the district court. This request for change of custody was denied.
In Wise v. Watson, 286 Ala. 22, 236 So.2d 681 (1970) our supreme court said:
 In case of divorce of the parents, equity courts have inherent power to protect the welfare of the minor children born of the broken marriage and to make appropriate allowances for them, . . . and, having once obtained jurisdiction over the children of divorced parents, the court retains jurisdiction during their infancy. [Citations omitted.]
In the case at bar the Circuit Court of Calhoun County had taken jurisdiction of the child in question as a result of the divorce decree and had decided its custody, not once, but twice. That court will retain jurisdiction over the custody of this child until the child reaches majority. Wise v. Watson,supra.
In view of the continuing custody jurisdiction of the Calhoun County Circuit Court over the child in question, the Shelby County District Court does not have jurisdiction pursuant to § 12-15-30 (b)(1) to determine custody of the child in question under the circumstances of this case. Not only does the juvenile statute, i.e. § 12-15-30 (b)(1), recognize that other courts of this state have jurisdiction to hear and decide child custody cases, but the decisions of our supreme court hold that the Alabama circuit courts in equity have inherent jurisdiction to determine questions relating to the custody of minors. Longv. O'Mary, 270 Ala. 99, 116 So.2d 563 (1959); Whitfield v.Saulsberry, 247 Ala. 690, 26 So.2d 93 (1946). The Circuit Court of Calhoun County assumed jurisdiction of the custody of the child involved here prior to the filing of the petition in the Shelby County District Court for determination of custody of said child and retains that jurisdiction for determining custody until the child reaches its majority or is otherwise emancipated. Department of Pensions Security v. Oswalt,275 Ala. 63, 152 So.2d 128 (1963); Wise v. Watson, supra. We do hasten to point out, however, that this is not a case where the Shelby County District Court is being called on to preserve the best interests or protect the safety and well-being of the child; the sole question posed to the court was the custody of the child.
In the present posture of this case the Shelby County District Court is without jurisdiction to decide the custody of the child in question and the writ of prohibition will issue to the judge of said court to prohibit him from assuming jurisdiction of this custody proceeding.
WRIT GRANTED.
WRIGHT, P.J., and HOLMES, J., concur.