The Juvenile Court of Coffee County (District Court) on petition of the Department of Pensions and Security and after an ore tenus hearing awarded custody of a minor child to the Department of Pensions and Security. The minor child's grandmother, by writ of prohibition or mandamus, sought relief in the circuit court. The circuit court denied the relief sought and the grandmother appeals.
The dispositive issue is whether the district court had jurisdiction to take the action as indicated above. We find no lack of jurisdiction and affirm.
The record reveals the following facts: The Circuit Court of Talladega County, in 1975 in a divorce action, awarded custody of the minor child to the grandmother. Thereafter, in 1979, the Department of Pensions and Security petitioned the Juvenile Court of Coffee County for temporary custody. The child was physically present in Coffee County at all times pertinent to these proceedings. The petition alleged that the child was in dire circumstances and needed immediate care. Based on the petition, the juvenile court found "exigent circumstances" and granted temporary custody to Department of Pensions and Security. A hearing was then set for September of 1979. The grandmother participated in the September hearing.
After the ore tenus September hearing the juvenile court found the child was in need of care. We would point out at this juncture that it is not necessary to detail the child's circumstances. Suffice it to say there was ample evidence to support the juvenile court's conclusion that the child needed care and protection.
The juvenile court ordered the care, custody, and control of the minor child be placed with the Department of Pensions and Security.
The grandmother, in October of 1979, filed the above mentioned writ of prohibition, etc.
The petition for the writ of the grandmother to the circuit court contains the following:
 4. The issue presented to the court is whether or not the District Court, sitting as the Juvenile Court, in Coffee County, Alabama, has jurisdiction to affect the custody of the said minor, Teresa Diane Roberson in view of the previous order of the Circuit Court of Talladega County placing said custody in petitioner.
The learned trial judge found that the action of the juvenile court was within its statutory jurisdiction and dismissed the grandmother's petition.
The grandmother, through able counsel, contends the Circuit Court of Talladega County was the proper forum and not the Juvenile Court of Coffee County, even though the child was located in Coffee County. *Page 842 
In so arguing, the grandmother relies on the general rule that a circuit court hearing a divorce case has inherent power to protect the welfare of any minor child born of the marriage. Moreover, once the circuit court obtains jurisdiction over such a child, that court retains jurisdiction during the child's infancy. Wise v. Watson, 286 Ala. 22, 236 So.2d 681 (1970);Rowe v. Hill, Ala.Civ.App., 365 So.2d 1247 (1979).
However, this rule is not followed without exception. Under certain circumstances, the court where the child is then residing may gain jurisdiction concurrent with that of the original court. These circumstances are those "which create an emergency as to the immediate welfare of the child." Fergusonv. State, 251 Ala. 645, 648, 38 So.2d 853 (1949). Indeed, the case of Rowe v. Hill, supra, upon which the grandmother principally relies recognizes this exception. As we said inRowe:
 We do hasten to point out, however, that this is not a case where the Shelby County District Court is being called on to preserve the best interest or protect the safety and well-being of the child; the sole question posed to the court was the custody of the child.
365 So.2d at 1249.
Here, the jurisdiction of the Juvenile Court of Coffee County was invoked pursuant to § 12-15-30 (c)(1)a., which grants such a court original jurisdiction in a case concerning any child "who is in a situation subjecting him to physical, mental or emotional abuse or is in clear and present danger of suffering lasting damage. . . ." Clearly, this was not a case where the sole question posed was the custody of the child. That is to say, the juvenile court was called on to protect the safety and well-being of the child who was then residing within its territorial jurisdiction.
As we have indicated, there is ample evidence to support the juvenile court's finding that the child was in immediate need of care. On such facts, § 12-15-30 (c)(1)a. was properly called into play and was sufficient to bestow upon the Juvenile Court of Coffee County concurrent jurisdiction with the Circuit Court of Talladega County.
We would note that the grandmother also argues the Circuit Court of Coffee County erroneously dismissed her petition because that court concluded it lacked jurisdiction to entertain such a petition. However, as set out above, the principal issue before the circuit court was the authority of the juvenile court to effect the custody of the child. The circuit court correctly found the juvenile court had acted within its statutory jurisdiction. Thus, there is no reversible error.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.