BRADLEY, Judge.
This'is a child custody ease.
Debra Jane Cosby Poe, the appellant, was married to Louie Edward Cosby II on August 24, 1973. One child was born of this marriage. On September 15, 1980 the couple was divorced. An agreement incorporated into the divorce decree gave custody of the child to the appellant.
On April 14,1981 the minor child’s paternal grandparents filed a complaint in the Circuit Court of Shelby County seeking custody of the child. Debra Jane Cosby Poe and Louie Edward Cosby II were named as defendants in the complaint. The grandparents-appellees alleged that there had been a material change of circumstances since the rendition of the divorce decree. Also, allegations were made that the appellant was an unfit mother and was not properly caring for the child.
Irma and Louie Cosby, the grandparents, also made a motion to enjoin the appellant from removing the child from the jurisdiction of this state. The motion was granted.
After a hearing in May 1981, the court found that there had been a material and substantial change in conditions since the divorce decree was rendered. Custody of the child was awarded to the grandparents and the appellant was granted visitation rights.
On January 8, 1982 appellant filed a rule nisi and a verified petition to modify in Shelby County Circuit Court. The court dismissed the rule nisi since the same basic allegations were made in the petition to modify. A modification hearing was held on April 13, 1982. Numerous witnesses, including a psychologist and the child’s school principal, testified at the trial.
Based on the testimony and evidence presented, the court found that the child had shown physical, emotional, and academ *429 ic improvement. The court held that the continuation of the grandparents’ custodial rights was in the best interest of the child. It is from this decision that Debra Jane Cosby Poe appeals.
Appellant’s first contention is that the Circuit Court of Shelby County did not have jurisdiction to hear the original complaint for child custody filed by Louie and Irma Cosby back in 1981. In support of her contention the appellant relies, in part, on section 12-15-30(b), Code 1975, which states:
“(b) The [juvenile] court shall also exercise exclusive original jurisdiction of the following proceedings, which shall be governed by the laws relating thereto:
“(1) Proceedings to determine custody or to appoint a legal custodian or guardian of the person of a child when the child is otherwise before the court. This provision, however, shall not be construed to deprive other courts of the right to determine the custody or guardianship of the person of children when such custody or guardianship is incidental to the determination of cases pending in those courts. Such courts, however, may certify said questions to the juvenile court for hearing and determination or recommendation.”
In Rowe v. Hill, 365 So.2d 1247 (Ala.Civ.App.1979), this court was faced with a statutory jurisdictional argument similar to the one advanced by the appellant. We noted in Rowe that section 12-15-30 specifically provides that courts, other than juvenile courts, have jurisdiction to hear and decide child custody cases. We then recognized the language of Wise v. Watson, 286 Ala. 22, 236 So.2d 681 (1970), in which our supreme court said:
“In case of divorce of the parents, equity courts have inherent power to protect the welfare of the minor children born of the broken marriage and to make appropriate allowances for them, and, having once obtained jurisdiction over the children of divorced parents, the court retains jurisdiction during their infancy.” (Citations omitted.)
In view of Rowe, we hold that the Shelby County Circuit Court had jurisdiction to hear the child custody complaint. See also Collier v. Collier, 57 Ala.App. 208, 326 So.2d 769 (Ala.Civ.App.1976).
Appellants’ second contention is that the trial court erred by not granting her custody of the child. She argues that the evidence introduced in the 1981 custody proceeding did not conclusively demonstrate that a change was in the child’s best interest. No appeal was taken from that decree, hence this contention comes too late. Cochran v. Cochran, 289 Ala. 615, 269 So.2d 897 (1972).
As to the trial court’s refusal to grant appellant custody of her child, this court has consistently held that the determination of child custody is in the trial court’s discretion. “The exercise of such discretion after oral hearing of evidence will not be set aside unless it is so contrary and unsupported by the evidence as to appear clearly adverse to the best interest and welfare of the child.” Reaves v. Reaves, 399 So.2d 311 (Ala.Civ.App.1981). Our review of the record reveals evidence supporting the trial court’s findings. The child showed mental and physical improvement since being in the custody and care of his grandparents. It appears this custodial arrangement is in the child’s best interest.
Appellant and appellee have requested an attorney’s fee on appeal, and both requests are denied.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.