Roy Williams, Jr. (Appellant) was divorced from Elizabeth Williams in 1975. He was ordered by that judgment to pay as child support the sum of $30 per week. He failed to make any of the weekly payments for nearly six years. After hearing on the petition of Elizabeth, Roy was determined to owe the delinquent sum of $9,130 by order of November 25, 1981. He was directed to pay a lump sum upon the delinquent amount and to reduce the remainder by weekly payments in addition to current support. He was not found in contempt at that time. He subsequently failed to comply. After another hearing the order of November 25, 1981, was amended, removing the requirement of the payment of the lump sum. He was again ordered to reduce the delinquent sum by making additional weekly payments.
In February 1983, upon petition for rule nisi and after oral hearing, Roy was found in contempt for failure to pay according to the last order of the court. In order to purge his contempt, he was directed to pay the full delinquent amount of child support, medical bill and attorney fees in the sum of $8,843. He was committed to jail until payment in full.
He gave notice of appeal and filed a supersedeas bond in the amount of the delinquency.
The issue is contended in only one page of argument, without citation of authority or parts of the record relied on. The issue presented is that the court could not require the full payment of the delinquent child support as the purgative for his contempt, but could only require payment of sums delinquent from the last order of November 25, 1981.
Our initial impression in the case was to dismiss the appeal without comment because relief from a finding of contempt of court is not available by appeal. Review of a judgment for contempt is available only by extraordinary writ; habeas corpus if incarcerated, or certiorari if not incarcerated. Williamsonv. Williamson, 391 So.2d 115 (Ala.Civ.App. 1980); Ala. Digest,Contempt 66 (1). However, this court has in some instances chosen to consider an appeal as a petition for writ of certiorari. Wilson v. Freeman, 376 So.2d 1096 (Ala.Civ.App.),cert. denied, 376 So.2d 1099 (Ala. 1979). We choose to so consider this case.
Because of the failure of appellant to comply in any degree with Rule 28 (a)(5), we *Page 1299 
might have proceeded under Rule 2 (a)(2), A.R.A.P., to dismiss. We choose not to do that. We will respond to the issue stated by appellant.
There is no statutory limitation upon the power of a circuit court to compel obedience to its orders. The extent of punishment is a matter within the discretion of the court subject to review only for excessiveness. Ex parte Griffith,278 Ala. 344, 178 So.2d 169 (1965), cert. denied, 382 U.S. 988,86 S.Ct. 548, 15 L.Ed.2d 475 (1966); Ex parte Hill, 229 Ala. 501,158 So. 531 (1935). The record indicates that Williams had failed, since the initial decree of divorce rendered in 1975, to comply with the orders of the court. Though the trial court had attempted to secure obedience by adjustment and amendment, the delinquency mounted in spite of all efforts of the court. At last, patience of the court terminated in a finding of contumacious contempt. There was then authority in the court to order punishment of jail conditioned upon payment of all delinquency. We find the use of such power was not excessive as a matter of law.
The only defense to such conditional punishment is inability to comply with its condition — i.e., to pay. The burden to show inability to pay rests upon the contemnor. Ex parte Capps,396 So.2d 70 (Ala. 1981). We find no argument in appellant's brief before the court as to such inability. In truth, the execution and acceptance of a supersedeas bond upon this appeal indicates to the contrary. Payment of the bond will serve to expurgate the contempt. Therefore the judgment is affirmed.
The appellee's request for attorney's fee on appeal is granted in the amount of $300.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.