PER CURIAM.
This case involves an appeal from a juvenile court order in effect transferring custody of a minor child from his mother to his father.
The mother appeals the custody change, asserting that the juvenile court was without jurisdiction to enter such an order.
The mother and father were divorced by the Crenshaw County Circuit Court in 1978. Pursuant to the divorce, custody of the minor child was placed in the mother.
We note that prior to the court order transferring the child’s custody to his father, the father filed two other petitions alleging dependency of the minor child and requesting a custody change. The court failed to find dependency in these petitions and ordered that custody remain with the mother.
We note, however, that the father’s recent motion requesting a custody change alleged physical abuse to the minor child by the mother and her husband.
We have reviewed the record before us and note that the trial court’s order placing custody of the child in the father recites that the court’s order was entered following an ore tenus hearing.
The wife contends that the juvenile court lacked jurisdiction over the child and, consequently, that its order is invalid. It is well settled that a juvenile court has concurrent jurisdiction with the circuit court over a child whose circumstances “create an emergency as to the immediate welfare of the child.” Ferguson v. State, 251 Ala. 645, 38 So.2d 853 (1949). If child abuse, as alleged in the petition, were established by the evidence, then the juvenile court properly exercised its jurisdiction.
We have no transcript of the testimony given in the proceedings. Consequently, we have no record to review and may not reverse. Matter of Coleman, 469 So.2d 638 (Ala.Civ.App.1985). Whenever a trial court considers oral testimony in reaching a decision, we conclusively presume that the testimony heard is sufficient to support affirmance. Coleman, supra.
In view of this principle of law, we must conclude that there was evidence to support the father’s allegations of child abuse. Suffice it to say child abuse constitutes an emergency concerning a child’s welfare. Ferguson, supra. Thus, the juvenile court properly assumed jurisdiction over the minor child.
We wish to emphasize that our decision is based on the particular facts of this case, and we should not be understood as enlarging the jurisdiction of the juvenile court beyond that outlined in section 12-15-30(b)(1) and -30(c), Code 1975. See, Cosby v. Cosby, 426 So.2d 427 (Ala.Civ.App.1982); Roberson v. McAliley, 387 So.2d 840 (Ala. Civ.App.1980); Rowe v. Hill, 365 So.2d 1247 (Ala.Civ.App.1979).
AFFIRMED.
All the judges concur.