Cheryl S. Lundy (wife) and Donald G. Lundy (husband) were divorced on December 6, 1989. On February 13, 1990, the wife filed a petition for rule nisi, alleging that the husband was failing to abide by certain provisions of the divorce decree. Following the presentation of ore tenus evidence on the wife's petition, the trial court denied all of the wife's requested relief. She appeals.
First, the wife alleges that the husband has failed to deliver to her a policy of life insurance, naming the wife as the irrevocable beneficiary, on the husband's life in the amount of $200,000 as provided in the judgment of divorce.
Next, the wife contends that the husband has failed to pay certain joint debts of the parties. The judgment of divorce, dated December 5, 1989, provided that the husband "shall assume and pay all presently outstanding joint indebtedness of the parties." The wife argues that these debts include the November mortgage payment, a garage door repair bill, and the property tax on the residence, which was awarded to the wife.
Whether a party is in contempt of court or has failed to abide by the provisions of a divorce decree is a determination committed to the sound discretion of a trial court. Hurd v.Hurd, 456 So.2d 316 (Ala.Civ.App. 1984). Further, our review in a contempt case is limited to questions of law and does not involve an inquiry into the weight and sufficiency of the evidence, but simply whether the decree is supported by some evidence. Patterson v. Gartman, 439 So.2d 171
(Ala.Civ.App. 1983).
First, we will examine whether the husband was in violation of the divorce provision concerning insurance. The husband testified that he had named the wife as the beneficiary of an insurance policy, but that he had not delivered the policy to her because it was a group policy and could not be delivered. Instead, he testified that he sent her evidence of the policy's existence.
The husband also testified that, although the wife was named as beneficiary on his insurance policy, the policy did not expressly state that the beneficiary designation was irrevocable. However, the husband testified that his employer told him that the beneficiary designation was irrevocable. From this evidence the court could have determined that it was an impossibility for the husband to deliver the insurance policy and, further, that the wife had actually been made the irrevocable beneficiary of the husband's policy.
Next, we turn to an examination of whether the husband was in violation of the provision concerning the payment of the parties' joint debts. Prior to the divorce, the parties owned a condominium residence, which had monthly payments in the amount of approximately $1,883. However, under the terms of the divorce the wife was awarded the residence and was ordered to make the remaining mortgage payments.
Although a question existed concerning whether the November mortgage payment, which would have been the husband's responsibility, was made, the husband testified that the payments were current on the date of the divorce trial. Further, when questioned by the husband's attorney concerning the condominium payment, the wife testified that she had been notified by the bank that the November payment had been paid twice. She also testified that she never received a late notice concerning the November mortgage payment. We realize that there is conflicting testimony concerning whether the payment was made by the husband. However, where evidence is conflicting, the trial court may choose which evidence it believes, *Page 951 
and, moreover, it is the duty of the trial court to resolve such conflicts. Watkins v. Montgomery Days Inn, 455 So.2d 23
(Ala.Civ.App. 1984).
With regard to the bill for repair work to the garage door, that bill was admittedly paid by the husband and is not an issue.
Concerning the bill for the property tax on the parties' condominium, the husband testified that he did not pay the tax. Notice of the tax was mailed in October 1989 and was due to be paid by December 31 by the property owner or by the mortgage holder from an escrow account. In his brief, the husband asserts several reasons why the wife should be required to pay the property tax on the condominium; however, none is supported by authority. As previously noted, the wife was awarded the condominium residence in the judgment of divorce and was ordered to make all mortgage payments thereon. Nothing in the divorce judgment indicates whether the taxes and insurance on the residence were a part of the mortgage payment, and we have no record of the original divorce proceeding. We note, however, that the trial judge, who heard the original proceeding and drafted the judgment of divorce, heard this rule nisi proceeding and denied the wife's claim that the property tax was a "joint debt" as of December 5, 1989. This court has held that the trial court can interpret its own decree.Hurd.
We cannot find that the trial court's failure to find the husband in contempt of court was an abuse of discretion. Consequently, this case is due to be affirmed.
The wife's request for an attorney's fee on appeal is denied.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.