630 So.2d 447 (1992)
Ex parte J.R.W.
(Re T.P.W.C. v. J.R.W.).
2910022.
Court of Civil Appeals of Alabama.
February 28, 1992.
Certiorari Denied March 17, 1992.
*448 Deborah S. Seagle, Dothan, for appellant.
Douglas M. Bates, Dothan, for appellee.
Alabama Supreme Court 1910774.
THIGPEN, Judge.
J.R.W. petitioned this court for a writ of prohibition against the District Court, Juvenile Division, Houston County, Alabama, asserting that the said court does not have jurisdiction over a divorce decree in the Circuit Court of Houston County.
The parties hereto were divorced by decree of the circuit court on October 18, 1983, which decree was subsequently modified on November 25, 1986, after ore tenus proceedings. Apparently, T.P.W.C., the former wife and the mother of the child, alleged that J.R.W. had committed various acts of sexual abuse and/or molestation upon the minor child of the parties, and sought to terminate his rights of visitation. The circuit court made the following findings: "(1) That the Court does not find that [J.R.W.] has in any way sexually abused or molested the minor child of the parties as is claimed by [T.P.W.C.]. However, the Court does find that, for whatever reason, [T.P.W.C.] is genuinely but mistakenly sincere in her claims. (2) That the Court finds that [T.P.W.C.]'s animosities toward [J.R.W.], false claims toward [J.R.W.], and denying the minor child association with her father, are actions which are in and of themselves seriously harmful to the minor child and not in the child's best interest." The court further ordered that the child not be subjected to further testing or evaluation or treatment relating to such claims, and granted J.R.W. specified unsupervised visitation with his daughter. In order to ensure the enforcement of this order, the circuit court vested Houston County's Department of Human Resources (DHR) with joint custody of the child.
On April 16, 1987, the guardian ad litem filed a "motion to transfer," requesting that the circuit court transfer the cause to the juvenile court and that the best interests of the child would be more fully and completely addressed in the juvenile court. The circuit court entered its order transferring the matter that day. The following day, the guardian ad litem filed her petition in juvenile court, alleging the child to be dependent "in that she has been allowed by the Mother to be subjected to emotional, psychological and physical trauma in an ongoing attempt to have the father indicted for sexual abuse. In the present example, the mother allowed graphic, explicit, and unnecessary photographs to be taken of the child, a four year old minor, by the Houston County Sheriff's Department."
For over three years, various motions, pleadings, and hearings were entertained by the juvenile court, until November 30, 1990, when J.R.W. filed a motion in the juvenile court requesting that the court terminate the protective supervision of DHR and enforce the provisions for unsupervised visitation with his daughter. After several continuances, J.R.W.'s motion to dismiss this petition to modify was granted on March 22, 1991. On March 21, 1991, J.R.W. filed a motion to enforce his visitation rights and a motion to terminate and revoke the protective supervision of DHR in the Circuit Court of Houston County. T.P.W.C. thereafter filed a motion to dismiss, alleging, inter alia, that the circuit *449 court was without jurisdiction, and that the motion should be heard in the juvenile court.
On June 24, 1991, the circuit court issued a pendente lite order regarding, inter alia, visitation, counselling of all parties, past due child support, etc. T.R.W.C. thereafter filed motions to set aside and reconsider that order, alleging that the counselor appointed to prepare the child for visitation had reported that such visitation was not in the best interests of the child. T.R.W.C. then filed her petition for enforcement of the juvenile court's protective order in the juvenile court, requesting that court to enforce its prior order and enjoin J.R.W. from pursuing any remedy in the circuit court. On October 2, 1991, the juvenile court issued an order exercising exclusive jurisdiction over the minor child and enjoining the parties from pursuing other remedies in the circuit court. Thereafter, the circuit court issued an order exercising jurisdiction and enforcing its order over the matter, and enjoining all parties from pursuing any remedies in the Juvenile Court of Houston County. Hence, this petition.
The first question that arises is the effect, if any, of the purported transfer by the circuit court to the juvenile court; i.e., did the transfer divest the circuit court of its jurisdiction to enforce and modify the prior decree? Under the circumstances, we think not. The circuit court's order of November 25, 1986, was five months old at the time the motion to transfer was filed. That judgment was final and nothing remained pending absent a petition for modification or some other properly filed post-judgment motion. Accordingly, the purported transfer was a nullity. Still further, there is a presumption against divestiture of jurisdiction from one court to a lower court. Thomas v. Liberty National Life Insurance Co., 368 So.2d 254 (Ala.1979). Further, the juvenile court cannot obtain jurisdiction over the marital res or enforce or modify aspects of a divorce decree. The jurisdiction of the juvenile court, if any, must rest on statutory grounds. While Ala.Code 1975, § 12-15-30(b)(1), provides that juvenile courts will also exercise original jurisdiction of proceedings to determine custody of a child, when the child is otherwise before the court; nevertheless, the statute specifically provides that this provision "shall not be construed to deprive other courts of the right to determine the custody... when such custody ... is incidental to the determination of cases pending in those courts."
A juvenile court may gain concurrent jurisdiction with that of the original circuit court, where circumstances exist which create an emergency as to the immediate welfare of the child. Roberson v. McAliley, 387 So.2d 840 (Ala.Civ.App.1980). We have also held, however, that where the circuit court had taken jurisdiction of a child as a result of a divorce decree that previously decided custody, that court retains jurisdiction until the child reaches majority, and the juvenile court did not have jurisdiction to determine custody pursuant to the statute governing a dependent child. Rowe v. Hill, 365 So.2d 1247 (Ala.Civ.App.1979). The question, therefore, is whether concurrent jurisdiction has been invoked pursuant to Roberson, supra. The limited record before us reflects that the guardian ad litem filed a petition for dependency, alleging that said child was dependent due to the mother's allowing the child to be subjected to emotional, psychological, and physical trauma, in an ongoing attempt by the mother to have the father indicted for sexual abuse.
For three and one half years, the juvenile court issued various orders; however, there is no order appearing of record adjudicating the child to be dependent and changing custody. Thus, it cannot be said that circumstances existed which created an emergency as to the immediate welfare of the child. Roberson, supra. It is further noted that the petitioner here is not seeking custody, but only seeks to enforce the rights of visitation pursuant to the decree of divorce. "There is a rule of law applicable in this instance that `where two courts have equal and concurrent jurisdiction, the court that first commences the exercise of its jurisdiction in the matter has the preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction.'" Taylor v. State, 448 So.2d 397, 398 (Ala.Civ.App.1984) (quoting Rush v. *450 Simpson, 373 So.2d 1105, 1108 (Ala.Civ.App. 1979)).
Accordingly, in the present posture of this case, the juvenile/district court is without jurisdiction to decide visitation of the child in question. The writ of prohibition will issue to the judge of said court to prohibit him from assuming jurisdiction of this proceeding involving visitation and custody.
WRIT GRANTED.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.
ROBERTSON, Presiding Judge, dissenting.
I respectfully dissent.
The juvenile court in this case is not attempting to deprive the circuit court from determining matters incidental to the divorce proceeding. The mother and father were divorced in 1983, and custody of the minor female child was awarded to the mother. In 1986, following a hearing concerning visitation, etc., the trial court entered an order wherein it stated "[t]hat the court does not find that [the father] has in any way sexually abused or molested the minor child of the parties as is claimed by [the mother]," and it gave the father unsupervised visitation with the minor child.
However, in 1987 the minor child "by and through her guardian ad litem" moved the circuit court to transfer jurisdiction to the juvenile court in that it had been alleged that the child was a victim of sexual abuse, that the best interests of the child could be more fully addressed in juvenile court, and that the nature of the alleged abuse required the benefit of the confidentiality of the juvenile court. The circuit court immediately ordered "that this matter be transferred to the Juvenile Court of Houston County, Alabama."
The juvenile court accepted jurisdiction and immediately held a hearing pursuant to a petition filed by the guardian ad litem alleging the minor child to be dependent. The juvenile court has retained jurisdiction since 1987 in an apparent effort to protect the safety and the well being of the minor child in a way that would be in the child's best interests.
The general rule is that once a circuit court has acquired jurisdiction over a child pursuant to a divorce and decides the question of custody, that court retains jurisdiction over custody until the child reaches majority. Rowe v. Hill, 365 So.2d 1247 (Ala.Civ.App. 1979). However, this case differs from Rowe in that the circuit court specifically transferred this matter to the juvenile court, and the question of custody is not the sole issue before the juvenile court.
In my opinion, the writ of prohibition is due to be denied.