The parties were divorced in June 1991. The parties' personal property was meticulously divided by the trial court and awarded to each party accordingly. In July 1991 the wife filed a motion for the husband to show cause why he should not be held in contempt of court for failing to deliver certain items of personal property which were awarded to her in the original decree. Following a hearing on the matter, the trial court found the husband to be in contempt and ordered him to restore the identified properties or, in the alternative, to pay to the wife the cash sum of $10,000. If the husband did not comply with the order a writ of arrest would issue. Upon application of the husband, the trial court stayed enforcement of its contempt order pending appellate review. The husband appealed the contempt order to this court.
Initially, we note that relief from a finding of contempt is now available by appeal. Parcus v. Parcus, [Ms. Feb. 14, 1992], 1992 WL 24149 (Ala.Civ.App. 1992); Baker v. HeatherwoodHomeowners Ass'n, 587 So.2d 938 (Ala. 1991).
The husband asserts that the trial court erred in finding him to be in contempt of the court's previous order.
The determination of whether a party has failed to abide by the terms of a divorce decree or is in contempt of court is a matter committed to the sound discretion of the trial court.Lundy v. Lundy, 586 So.2d 949 (Ala.Civ.App. 1991). Our review of such cases is limited to questions of law. The weight of the evidence will not be reviewed other than to determine whether there is any legal evidence to support the trial court's judgment. Lundy.
The record reflects that the parties were married for approximately seven years. No children were born of the marriage. Both parties had been previously married.
Both before and during the marriage the parties were collectors of certain items. The parties' collections ranged from such items as Occupational Japan and Black Americana to cut glass, pottery, and cast iron. Pre-marriage collections were supplemented during the marriage and, in certain instances, a small individual collection became a large joint collection.
In October 1990 the wife moved from the marital residence and filed for divorce. During pendency of the divorce proceeding the husband was allowed to remain in the marital residence. Upon application to the trial court, the wife was allowed to retrieve certain items of personal property. The wife entered the home in November 1990 to obtain the property. While she was in the home, she took numerous photographs of the parties' personal property, including their collections.
In February 1991 the wife, concerned that the husband was selling or secreting the parties' personal property, filed a motion for a restraining order with the trial court. The trial court granted the motion, prohibiting any such actions by the husband.
Following the divorce trial, the court entered a lengthy decree which granted specified items of personal property to each party. The wife was awarded approximately 150 items and the husband was awarded 50.
In June 1991 the wife re-entered the home for the first time since November 1990 to procure her award of personal property. While there she noticed that certain of the items awarded to her were missing and that other items had been damaged. She again took numerous photographs of the parties' property as it existed on that day.
The wife testified that she did not receive 24 of the 150 items awarded. The two groups of photographs were introduced into evidence, demonstrating that numerous items of personal property had been removed from the home between November 1990 and June 1991. She testified that the value of the items that she failed to recover from the husband had a market *Page 334 
value in excess of $20,000. The husband did not have an opinion as to the value of the missing items but he did testify that the value assigned to the items by the wife was excessive. The husband could not account for the missing items.
We find that the evidence adduced at the hearing amply supports the trial court's order. The husband had possession of the marital home. It was his responsibility to secure the property until the proceedings had concluded. The husband's failure to account for the missing items, in our opinion, buttresses the trial court's order of contempt. We find no error.
The husband suggests that the trial court's $10,000 award to the wife was excessive and was not based on competent testimony.
A trial court has no statutory limitation upon its power to compel obedience to its orders. Williams v. Stumpe,439 So.2d 1297 (Ala.Civ.App. 1983). "The extent of punishment is a matter within the discretion of the court subject to review only for excessiveness." Williams.
The wife testified that the items were worth approximately $21,000. The husband denied that the items were that valuable. He, however, gave no opinion as to their value. The court's award was within the parameters of the value established at the hearing. We find no abuse of discretion.
The judgment of the trial court is affirmed.
The wife's request for an attorney's fee is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.