ROBERTSON, Presiding Judge.
This is an appeal from the denial of a petition for rule nisi.
The petition alleged that the parties were divorced on December 22, 1965, and the judgment of divorce provided that the defendant would pay to the plaintiff an amount to be determined as child support. The petition further alleged that the defendant is in arrears in the sum of $50,000. The divorce decree was not made a part of the record.
The defendant’s motion to dismiss alleged that no sum certain was set for child support in the original judgment of divorce; that the defendant was to provide a government allotment for the child; that to the best of the defendant’s knowledge the minor child was subsequently adopted by a stepparent shortly after the divorce; and that the child is now 27 years of age. The defendant’s motion also alleged certain defenses including laches.
In denying the petition for rule nisi, the trial court found that there was no sum certain set for support. The plaintiff appeals.
The determination of whether a party has failed to abide by the provisions of a divorce decree or is in contempt of court is committed to the sound discretion of the trial court. Lundy v. Lundy, 586 So.2d 949 (Ala.Civ.App.1991). Also, our review in a contempt case is limited to questions of law and whether the trial court’s judgment is supported by some evidence. Lundy.
The record does not contain a transcript of the testimony taken at the ore tenus proceeding on the petition for rule nisi, nor is there an evidentiary statement in accordance with Rule 10(d) or (e), Alabama Rules of Appellate Procedure. Consequently, this court must assume that the evidence before the trial court was sufficient to support its judgment. Brown v. Brown, 513 So.2d 617 (Ala.Civ.App.1987).
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.