622 So.2d 931 (1993)
T.P.W.C.
v.
J.R.W.
2910473, 2910519.
Court of Civil Appeals of Alabama.
February 5, 1993.
Rehearing Denied March 12, 1993.
Certiorari Denied May 21, 1993.
*932 Douglas M. Bates, Dothan, for appellant.
Deborah S. Seagle of Smith & Seagle, Dothan, for appellee.
Alabama Supreme Court 1920965.
THIGPEN, Judge.
This post-divorce case involves a finding of contempt.
Since the original divorce judgment, J.R.W. (father) and T.P.W.C. (mother) have engaged in numerous legal maneuverings concerning their child, involving at times the juvenile court, the circuit court, the Court of Civil Appeals, and the Supreme Court. See Ex parte J.R.W., [Ms. 2910022, February 28, 1992], 1992 WL 35357 (Ala. Civ.App. 1992) (granting a writ of prohibition and clarifying that the circuit court is the proper court to determine visitation), mandamus denied; Ex parte T.P.W.C., 601 So.2d 218 (Ala.1992).
The mother's present petition for a writ of prohibition was consolidated with this appeal. That petition was rendered moot by subsequent actions in this cause and will not be addressed.
The circuit court entered a pendente lite order on June 24, 1991, which, inter alia, granted the father unsupervised visitation with the child at very specific times and ordered that the mother "shall deliver the child" to the father at the beginning of all visitation periods. In March 1992, the father filed a petition seeking to have the mother held in contempt for failing to comply with the court-ordered visitation and also seeking a change of custody, alleging a material change in circumstances. In June 1992, after ore tenus proceedings, the circuit court found the mother in contempt "for her willful failure to comply with this Court's order of June 24, 1991, by refusing to allow visitation" and ordered her jailed until she complied. The mother's petition for habeas corpus was denied and she appealed.
On appeal, the mother argues that the trial court erred in finding her in contempt for violating the visitation order when it failed to find the father in contempt for failure to pay child support. She also argues that the trial court erred in admitting into evidence what she contends were privileged communications between herself and her present husband and herself and her attorney.
In Baker v. Heatherwood Homeowners Association, 587 So.2d 938 (Ala. 1991), our Supreme Court specifically addressed *933 the extension of Rule 33, A.R.Crim.P., to adjudications of contempt in civil cases. Appeal is now the proper method to review adjudications of contempt. Jordan v. Jordan, 600 So.2d 332 (Ala.Civ.App. 1992). Whether one is in contempt of court is a matter committed to the sound discretion of the trial court. Lundy v. Lundy, 586 So.2d 949 (Ala.Civ.App. 1991). Our review is limited to questions of law. We do not review the weight of the evidence on appeal, only whether there is any legal evidence to support the trial court's judgment. Jordan, supra.
In the instant case, the trial court considered the testimony of witnesses in reaching its determination. The evaluation of oral testimony, its credibility, and its correctness, is within the power of the trial court. Etheridge v. Yeager, 465 So.2d 378 (Ala.1985). The trial court receives the conflicting ore tenus evidence, resolves the conflicts, and renders a judgment accordingly. Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App. 1982). The presumption of that judgment's correctness "may be overcome only by a showing of absence of support in the evidence or that it is unjust." Jones at 1288.
On appeal, the mother attempts to argue that the trial court erred in finding her in contempt when, in the previous year, it failed to find the father in contempt for failure to pay child support. From the record, it appears that the June 1991 order found an arrearage against the father but did not hold him in contempt. Apparently the mother did not appeal that order. Her arguments regarding that order are not proper now and will not be considered.
The order is clear concerning what duties the mother had in regard to visitation. The record is replete with evidence regarding the mother's lack of cooperation in regard to that court-ordered visitation. It appears of record that approximately three months after the visitation order was issued, the mother and her husband moved to Texas with the child without informing the child's father. The mother testified that she chose not to provide the child's father with the child's new Texas address and telephone number. The father testified that he was able to locate his child in Texas only by pursuing a comment made by a social worker.
The mother also testified that she had chosen not to give the child birthday cards mailed to the child from her father and paternal grandmother. There was testimony that since moving to Texas, the mother and child had returned to Alabama for a Christmas visit with the mother's family and that the mother had made no efforts to notify the child's father or to make the child accessible for visitation. The mother testified regarding her awareness of the visitation order and the requirements for her to deliver the child and make the child accessible for the father's visitation. The mother also testified that prior to the move she did not consider the effect of the transfer to Texas on the father's visitation. In response to questions, the mother testified that she did not like the court-ordered visitation. When specifically asked if she was willing to follow the orders of the court regarding visitations, the mother responded "I would need to discuss it with [my attorney]."
In reviewing the record in the instant case, we find that the trial court had sufficient evidence to support its finding of contempt based upon the mother's willful refusal to comply with the visitation orders. That finding was within the sound discretion of the trial court and will not be disturbed.
The mother next argues that the trial court erred in admitting testimony regarding what she contends were "privileged communications." The record reveals that the mother was instructed to answer a question regarding whether her attorney had advised her that the child's father was willing to come to Texas to transport the child for visitation. The mother's attorney objected, claiming that the answer to that "invades the attorney/client privilege." There is evidence in the record regarding the father's attempts to locate the child and achieve the visitation the trial court had ordered. There is evidence that the three visitations prior to the *934 move to Texas were arranged through third parties such as attorneys, social workers, and the trial court due to the ineffective communication between the parties. The record contains evidence that the assistance of each party's attorney was necessary in light of the visitation difficulties between the parties. Even if instructing the mother to respond to the question was error, it was without injury. Rule 45, A.R.App.P.; Goza v. Goza, 470 So.2d 1262 (Ala.Civ.App.1985).
The mother also contends that it invaded the husband/wife privilege and was reversible error for the trial court to instruct her present husband to respond to a question regarding whether they had discussed visitation arrangements after moving to Texas. After the mother's attorney raised the question of the husband/wife privilege, the trial court instructed the husband to respond and stated that "[i]t's not a criminal proceeding." The mother correctly argues on appeal that the husband/wife privilege can apply to civil cases. C. Gamble, McElroy's Alabama Evidence, § 103.01(3) and (4) (1991). The response revealed that there was no communication between the husband and wife; therefore, there was no privileged communication. Additionally, there was other testimony from the mother regarding this matter. Even if it was error for the trial court to allow the husband to respond to the question, such error was without injury. Rule 45, A.R.App.P.; Reid v. Flournoy, 600 So.2d 1024 (Ala.Civ.App.1992); McLemore v. Alabama Power Co., 289 Ala. 643, 270 So.2d 657 (1972).
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed. All other motions, including the father's request for attorney's fees pursuant to Rule 38, A.R.App.P., are denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.