THOMPSON, Judge,
concurring specially.
I agree with the main opinion. I write separately to clarify that at the time the Houston Juvenile Court entered its June 29, 2004, order awarding temporary custody of the child to DHR, that court shared concurrent jurisdiction with the Dale Circuit Court. Section 12-15-30(a), Ala.Code 1975, provides that a juvenile court has original jurisdiction over proceedings in which a child is alleged to be dependent. See also § 12 — 15—30(c)(l)a., AIa.Code 1975, providing that a juvenile court has jurisdiction over a child in a situation in which the child is exposed to possible “physical, mental or emotional abuse.” However, § 12-15-30(b)(l), Ala.Code 1975, qualifies the extent of the juvenile court’s original jurisdiction by providing that another court shall not be deprived of jurisdiction where that court has considered or has pending before it the issue of custody of the child.
In construing § 12 — 15—30(b)(1), this court has stated:
“A juvenile court may gain concurrent jurisdiction with that of the original circuit court, where circumstances exist which create an emergency as to the immediate welfare of the child. Roberson v. McAliley, 387 So.2d 840 (Ala.Civ.App.1980). We have also held, however, that where the circuit court had taken jurisdiction of a child as a result of a divorce decree that previously decided custody, that court retains jurisdiction until the child reaches majority, and the juvenile court did not have jurisdiction to determine custody pursuant to the statute governing a dependent child. Rowe v. Hill, 365 So.2d 1247 (Ala.Civ. App.1979).”
Ex parte J.R.W., 630 So.2d 447, 449 (Ala. Civ.App.1992) (emphasis added).
In this case, DHR filed a dependency petition alleging facts that constituted an emergency with regard to the child’s immediate welfare; therefore, the Houston Juvenile Court had jurisdiction, concurrent with that of the Dale Circuit Court, to enter its June 29, 2004, order. See Ex parte J.R.W., supra; see also Roberson v. McAliley, 387 So.2d 840 (Ala.Civ.App.1980) (citing § 12-15-30(c)(1)a. and holding that because the evidence supported the juvenile court’s finding that the child was in immediate need of care, the juvenile court had concurrent jurisdiction with a circuit court to make a custody award).
I agree with the main opinion that once the Houston Juvenile Court transferred the action to the Dale Circuit Court and the Dale Circuit Court accepted the case, the Houston Juvenile Court lacked authority to attempt to reassume jurisdiction over the matter.
CRAWLEY, J., concurs.