The issue in this case is whether the trial court erred in dismissing the complaint for failure to join certain persons as defendants. John W. Withington and Jean T. Withington filed this action against Emmett W. Cloud and Margaret B. Cloud,[1] seeking a judgment declaring that they should be allowed to subdivide their lot in Tanglewood Park, Fourth Sector, First Addition, a subdivision created by Emmett Cloud. The Clouds contend that the other owners of property in the First Addition are indispensable parties. The Withingtons counter with the argument that the other property owners are not necessary parties because Cloud has reserved the right to alter the restrictions in the First Addition and this suit seeks a declaration that Cloud has abused his discretion in refusing to allow the subdivision of their lot as they request.
Rule 19, A.R.Civ.P., governs the "joinder of persons needed for just adjudication." Rule 19(a) gives criteria for defining "persons to be joined if feasible"; 19(b) sets out guidelines for "determination by court [whether to proceed with the action] whenever joinder [is] not feasible." Rule *Page 264 
12(b)(7) provides for the dismissal of an action for failure to join parties under Rule 19. The trial court, in dismissing this action, gave the Withingtons 30 days to add the owners of the other lots in the First Addition.
 The Clouds cite cases holding that owners of property subject to restrictive covenants have mutual easements appurtenant. McCown v. Gottlieb, 465 So.2d 1120 (Ala. 1985); Callahan v. Weiland, 291 Ala. 183, 279 So.2d 451 (1973); Allen v. Axford, 285 Ala. 251, 231 So.2d 122 (1969); Hall v. Gulledge, 274 Ala. 105, 145 So.2d 794 (1962); Scheuer v. Britt, 218 Ala. 270, 118 So. 658 (1928). They cite several cases for the proposition that "In an action where the final decree affects title, ownership, or interest in real property each possessor of title, ownership or interest must be made a party." Johnson v. White-Spunner, 342 So.2d 754, 759 (Ala. 1977); Wilson v. Thomason, 406 So.2d 871 (Ala. 1981); Holley v. Wright, 408 So.2d 129 (Ala.Civ.App. 1981). They assert that it follows from these two propositions that the trial court did not err in dismissing the complaint for failure to join the other property owners.
 None of the cases cited by the Withingtons contradicts these propositions. They cite Mead Corp. v. City of Birmingham, 350 So.2d 419 (Ala. 1977), and Ross v. Luton, 456 So.2d 249 (Ala. 1984), for those cases' discussion of the four factors listed in Rule 19(b) to be used in determining whether an action should continue in the absence of the persons described in Rule 19(a), and conclude therefrom that this action could have continued without the other property owners. The Clouds correctly respond, however, that the factors in Rule 19(b) are to be applied only if joinder is not feasible, and that the only indications in this case are that the other property owners feasibly could be joined.
 We note also that in Ross, supra, the Court held that the non-joined utility was not an indispensable party because its interest was the same as that of, and was adequately represented by, the named defendant, noting that if the utility "feared otherwise, it could easily intervene." 456 So.2d at 257. Here, there is no reason to believe that a subdivision property owner's interest in retention and enforcement of the restrictive covenants will be the same as the original grantor's interest; on the contrary, there is reason to believe otherwise. See, e.g., Wright v. Cypress Shores Development Co., 413 So.2d 1115 (Ala. 1982); Callahan v. Weiland, supra.
 The Withingtons point out that they and the other property owners bought their lots with notice that Cloud had the right to alter the restrictions in the First Addition and that the only limitation on that right is that he exercise it reasonably. Wright v. Cypress Shores Development Co., supra; Moore v. Megginson, 416 So.2d 993 (Ala. 1982). They argue that the other property owners thus have no enforceable interest in the question of whether Cloud is failing to exercise his right reasonably.
 The Withingtons have attempted to posture the case as presenting only a question of whether Cloud is arbitrarily refusing to vary the First Addition in a way that conflicts less with the development plan than do other variations he has already implemented.[2] They attached exhibits to show that he has redrawn property lines, added a street, and otherwise altered the First Addition. They assert that both of the two lots they propose to make out of their lot would comply with the restrictive covenants of the First Addition and that the smaller of them would be larger than some other lots in the First Addition. Certainly, there is authority for the position that, if Cloud chose to resubdivide the lots as the Withingtons propose, the other landowners probably would not have the right to prevent the change. *Page 265 
 Nevertheless, it remains true that the other property owners have an interest in the character of the First Addition as a whole by virtue of the restrictive covenants, which include a prohibition against subdivision of lots. Thus, they have an interest in the Withingtons' property under the cases cited and are at least "persons to be joined if feasible," in the terms of Rule 19. The Withingtons have shown nothing to indicate that it is not feasible to join the other property owners. They assert that none of them has expressed any opposition to the proposed change, but there are no affidavits or any other cognizable proof of this assertion. Moreover, even if this is true, it would be better practice to join them and give them the opportunity to oppose the change than to assume that they have notice of it and would intervene if they object.
 At any rate, because there is no indication that any of the other property owners "cannot be made a party," Rule 19(b), the trial court was not forced to choose between allowing the action to "proceed among the parties before it," id., or dismissing it. Rule 19(a) requires that, once it is determined that a "person needed for just adjudication" has not been joined, "the court shall order that he be made a party." The court's dismissal of the complaint with leave to amend by adding the other property owners had the effect of ordering that they be made parties, and was a proper action. "The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment." J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 851 (Ala. 1981), citing Rogers v. Smith, 287 Ala. 118, 248 So.2d 713 (1971).
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.
[1] The only apparent basis for naming Mrs. Cloud as a defendant is that she joined in the conveyance of the subject property to the Withingtons.
[2] Of course we express no judgment on the merits of this claim. We do note, however, that a dismissal for failure to state a claim would not be appropriate. Given the allegations of the complaint, and given the presumption in the law in favor of free alienability of property, this action could proceed at least to summary judgment on the question of whether Cloud is arbitrarily refusing to allow the Withingtons to use their property in a manner consistent with the common plan of development. Of course, the other property owners should be allowed to raise any legitimate objections they may have.