This is a child custody modification case.
The parties to this action were divorced on April 30, 1984. Pursuant to a memorandum agreement entered into by the parties, Waymon Paul Roper (father) was awarded custody of his son, Joshua Neal Roper, who was born in 1982. The agreement also provided that Phyllis Roper (mother) was to be afforded reasonable visitation.
In 1988 the mother moved from the state of Alabama and soon after filed a motion seeking out-of-state visitation rights. On June 30, 1988, the trial court issued a consent order granting the mother such visitation. A second consent order addressing the issue of visitation was entered on September 6, 1988, and stated that it was issued pursuant to the father's motion to correct a clerical error appearing in its earlier order. Furthermore, the September order stated that it was being issued in accordance with the mother's consent.
Finally, following the mother's remarriage, she filed a petition to modify custody, alleging that such modification was in the best interests of the minor child. In response, the father filed a petition for a *Page 989 
rule nisi on the basis that the mother had allowed the child to travel unaccompanied by commercial airline in contravention of the trial court's order of September 6, 1988.
On June 28, 1989, the trial court entered its final order, compelling the mother to comply with the out-of-state visitation provision forbidding her to allow the child to travel unaccompanied on any airline flights. Because this order was silent as to the mother's petition to modify custody, she filed a motion to alter, amend, or vacate the judgment, and the judgment was amended by order of the trial court dated October 17, 1989, which denied her petition. From that order she now appeals. We affirm.
The mother presents several issues on appeal; however, we find it necessary to rephrase those issues in order to address more expeditiously her concerns. First, we note that the mother alleges that the trial court erred in modifying its order of June 30, 1988, so as to prohibit unaccompanied airline travel by the child to allow her out-of-state visitation. The trial court's order of September 6, 1988, specifically states that it is being entered with the mother's consent. Although she now asserts that such consent was not given, we find that her appeal of that order at this date is untimely. Her notice of appeal was not filed until November 13, 1989, obviously beyond the forty-two day time limit provided for such appeals. Rule 4, Alabama Rules of Appellate Procedure.
Consequently, we find the dispositive issue to be whether the trial court properly denied the mother's petition to modify custody. Initially, we note that issues regarding custody of minor children, or the modification of a prior custody decree, are matters within the discretion of the trial court.Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App. 1984). Furthermore, in child custody cases presented to the trial court ore tenus, the judgment is presumed to be correct and will not be altered absent an abuse of discretion or a showing of plain and palpable error. Wesson v. Wesson, 507 So.2d 536
(Ala.Civ.App. 1987). Moreover, the party seeking a change of custody must, in addition to demonstrating that she is fit, also demonstrate that such a change would "materially promote" the child's best interests and welfare. Ex parte McLendon,455 So.2d 863 (Ala. 1984).
It is not enough for the mother to show that her circumstances have improved. McLendon, 455 So.2d at 866. Rather, she bears the heavy burden of showing that the "positive good brought about by the modification [would] more than offset the inherently disruptive effect caused by uprooting the child." Wood v. Wood, 333 So.2d 826, 828
(Ala.Civ.App. 1976). Additionally, we note that, while an expressed preference of a child to live with a particular parent is a factor to be considered by the trial judge, such wishes are not determinative. Hayes v. Hayes, 512 So.2d 119 (Ala.Civ.App. 1987).
We agree with the trial court's apparent conclusion that the mother has failed to meet the heavy burden set forth inMcLendon. She contends that the father's diagnosed schizophrenia makes him a hazard to the child and, consequently, that a change in custody necessarily promotes the child's welfare. However, there was evidence, which the trial court apparently accepted, that the father's medical condition was controlled by medication.
The mother also asserts that, because she has since remarried and now enjoys a more stable lifestyle, the best interests of the child would be served by a modification of custody. As evidence, she cites to her new husband's income and their rental of a large two-story home. We find, however, that such evidence is insufficient to warrant such a change. In fact, the mother recognizes in her brief that it is not sufficient that a parent seeking custody show that she has remarried, reformed her lifestyle, and improved her financial position. Abel v.Hadder, 404 So.2d 64 (Ala.Civ.App. 1981).
Finally, we also note that one of the mother's issues on appeal concerns evidence that she argues was improperly deemed inadmissible by the trial court. However, because she did not avail herself *Page 990 
of the opportunity to adduce proof after an objection had been sustained against her, we find nothing in the record, as regards this issue, to address on appeal. Rule 43(c), Alabama Rules of Civil Procedure. Therefore, in light of the above, we affirm the trial court's decision denying the mother's petition for modification of custody.
The father has requested an attorney's fee for representation on appeal. A fee of $500 is hereby granted.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.