ROBERTSON, Presiding Judge.
On January 1, 1984, a dependency petition concerning J.N.R. was filed in Jefferson County Juvenile Court. The dependency petition, which was filed at the request of J.N.R.’s mother, alleged that she and J.N.R.’s father were separated, that J.N.R.’s father was unwilling to care for the child, and that the mother was financially unable to provide for the child.
A hearing was held in response to the petition, and the child was released to the father. Approximately one month later, the juvenile court ordered that the care, custody, and control of the child remain with the father.
The mother and father were subsequently divorced in April 1984 by the Circuit Court of Jefferson County, and the custody of the child was placed with the father. The divorce decree was subsequently modified in 1988. Then, in 1989, the mother filed a petition to modify in which she requested a change in custody. Following a hearing, the circuit court ordered that custody remain with the father. Following a denial by the circuit court of the mother’s *914 motion to amend the judgment, the mother appealed to this court, and we upheld the judgment of the trial court on April 11, 1990. See, Roper v. Roper, 564 So.2d 988 (Ala.Civ.App.1990).
On May 16, 1990, this court denied the mother’s request for rehearing. A month after her motion for rehearing was denied, the mother filed another dependency petition in Jefferson County Juvenile Court, Bessemer division, requesting that the child be placed in her custody.
That juvenile court initially dismissed the mother’s petition for lack of jurisdiction. Later, however, it amended its decision and transferred the case to the Birmingham division of the Jefferson County Juvenile Court, which then dismissed the mother’s petition and referred the parties to the Circuit Court of Jefferson County.
The mother appeals, asserting that the juvenile court had continuing jurisdiction over the child, despite the intervening divorce action.
When the divorce complaint of the parties in this case was filed, wherein the custody of J.N.R. was at issue, the circuit court assumed concurrent jurisdiction over the child’s custody. § 12-15-30(b)(l), Code 1975; Hoeck v. Hoeck, 545 So.2d 786 (Ala.Civ.App.1989).
After carefully examining the record in this case, as well as our prior opinion, we have been unable to find any objection by the mother to the circuit court’s exercise of jurisdiction over questions of the child’s custody during the divorce action. In fact, we note that the mother filed a petition to modify custody with the circuit court. “Unless there is objection, even though one court has assumed jurisdiction of a matter, another court with concurrent authority may act in the same matter.” Sheffield v. Sheffield, 350 So.2d 1056, 1058 (Ala.Civ.App.1977). Thus, in spite of the fact that the juvenile court had issued previous orders concerning J.N.R. in response to the dependency petitions, the circuit court, which had concurrent jurisdiction over the child's custody, acted properly when it determined the question of J.N.R.’s custody.
Further, once a circuit court has acquired jurisdiction over a child pursuant to a divorce and decides the question of custody, that court retains jurisdiction over custody until the child reaches majority. As a result, the juvenile court no longer has authority to determine custody under the dependency statute. Rowe v. Hill, 365 So.2d 1247 (Ala.Civ.App.1979).
The judgment of the juvenile court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.