THIGPEN, Judge.
This case involves custody and child support.
Ron F. Scott and Shyrl D. Scott had two children born of their marriage. Larry Stevens and Eunice E. Rowell Stevens had three children born of their marriage. Both couples were divorced. In his divorce, Ron Scott was awarded custody of his two minor children, and in her divorce, Eunice Stevens was awarded custody of her three minor children. Subsequently, Ron Scott married Eunice Stevens and Larry Stevens married Shyrl Scott. The new Scott couple — Ron and Eunice — maintained custody of all five children.
In April 1990, following the subsequent remarriages, Shyrl — now Shyrl Stevens— filed a dependency petition in the juvenile court, alleging that she was being denied visitation with her two children. Subsequently, Ron Scott filed a petition in the circuit court for a writ of prohibition, arguing that the juvenile court had no jurisdiction over Shyrl’s petition and requesting that the circuit court prohibit the juvenile court from taking any action in the matter.
In May 1990, the Butler County Department of Human Resources (DHR) filed a dependency petition in the juvenile court, alleging that the three Stevens children were exhibiting signs of emotional abuse, and requesting court-ordered evaluations. In June 1990, DHR, requesting protective supervision, filed two additional dependency petitions in the juvenile court concerning the Stevens children. DHR alleged that the Stevens children had suffered physical and emotional abuse and that their custodial parent was neglecting or refusing no-cost services *446 offered to provide the care necessary for the health or general welfare of the children.
In July 1990, the Stevenses filed a motion in the circuit court to consolidate the separate post-divorce proceedings. The circuit court, without any objection from the Scotts, granted the motion. All subsequent circuit court orders display the two circuit court case numbers and two juvenile court case numbers.
In July 1990, DHR filed a motion requesting that the four parents and the five children be evaluated by a physician or by a psychiatrist. The circuit court granted the motion. In August 1990, DHR filed a petition for immediate relief, alleging that the five children were dependent and in immediate danger of physical and/or emotional harm, and requesting permission to remove the children from the Scott home. The circuit court granted the petition and placed the temporary care, custody, and control of the children with DHR.
In November 1990, the parties entered into a management plan with DHR that was ratified by the circuit court. Pursuant to the plan, DHR maintained temporary legal custody of the children subject to a visitation schedule. The plan provided for counseling and the eventual reunification of the children with their biological mothers.
The record reveals that the physical custody of the three Stevens children was returned to their biological mother, Eunice Scott, in February 1991, and the physical custody of the two Scott children was placed with their biological mother,. Shyrl Stevens, in March 1991. After a final hearing, the circuit court ordered that the care, custody, and control of the children be legally awarded to their biological mothers. Additionally, the circuit court ordered that the biological fathers, and their respective spouses, “have no further visitation privileges with their children.” The trial court further ordered that upon proper petition and proof “that the attitudes of the parties have been sufficiently altered so that the parties act toward each other and the Children in such a manner that the only interest in visiting with the Children is that the best interests and welfare of the children is to be and will be served, the Court may at such time reinstate visitation privileges.” All child support orders were expressly rescinded, and each couple was ordered to support those children in its care.
The Scotts filed a post-judgment motion, seeking to afford Ron Scott visitation with his biological children. Eunice Scott filed an additional post-judgment motion, seeking to require Larry Stevens to pay child support for his three biological children. Subsequently, the Scotts appeal.
The first issue presented is whether the circuit court properly exercised jurisdiction over the dependency petitions filed by DHR, so as to properly consolidate those petitions with the post-divorce proceedings concerning custody. Within that issue, the Scotts challenge the trial court’s ruling which modified a prior judgment regarding custody and visitation. The final issue presented is whether the trial court properly addressed the issue of child support.
“ ‘Unless there is objection, even though one court has assumed jurisdiction of a matter, another court with concurrent authority may act in the same matter.’ Sheffield v. Sheffield, 350 So.2d 1056, 1058 (Ala.Civ.App.1977).” P.R.G. v. W.P.R., 590 So.2d 913, 914 (Ala.Civ.App.1991). In P.R.G., the parties initially litigated in the juvenile court, and when the circuit court acted regarding the child’s custody pursuant to a subsequent divorce petition, the mother did not object. There, this court determined that the circuit court had acted properly pursuant to its concurrent jurisdiction. P.R.G., supra. In the case sub judice, the record discloses no objection by the Scotts to the jurisdiction exercised by the circuit court over the matter of custody.
When two courts have concurrent and equal jurisdiction, preference is afforded to the court that first commences the exercise of its jurisdiction in a matter, and that exercise is not to be obstructed by a court of coordinate jurisdiction. Taylor v. State, 448 So.2d 397 (Ala.Civ.App.1984). Once a circuit court acquires jurisdiction over the issue of child custody pursuant to a divorce action, it thereafter retains jurisdiction over that issue until the child attains majority. P.R.G., su *447 pra. When it assumes that jurisdiction, the juvenile court no longer has authority to determine custody pursuant to the dependency statute. S.E.B. v. 605 So.2d 1230 (Ala.Civ.App.1992). The two exceptions to that rule are where there exists an emergency concerning the immediate welfare of the child and “where DHR brings a separate action alleging dependency and requesting that custody be removed from the custodial parent due to neglect and inability to care for the child.” S.B. v. P.G.B., 611 So.2d 392, 394 (Ala.Civ.App.1992). In those circumstances, the central issue is the child’s immediate welfare, rather than a mere determination of custody. See Carter v. Jefferson County Dep’t of Pensions & Security, 496 So.2d 66 (Ala.Civ.App.1986). Although Ala.Code 1975, § 12 — 15—30(b)(1), provides that juvenile courts shall exercise exclusive original jurisdiction of proceedings to determine custody of a child when the child is otherwise before the court, nevertheless, the statute specifically states that this provision “shall not be construed to deprive other courts of the right to determine the custody ... when such custody ... is incidental to the determination of cases pending in those courts.” Accordingly, the circuit court acted appropriately in exercising jurisdiction over the dependency and custody matters, which were intricately related to the post-divorce proceedings. The result has been that the divorce judgment granting custody to Ron Scott has been modified to change custody to Shyrl Stevens without providing any visitation arrangements.
Our review of the record, and particularly the trial court’s order modifying the divorce judgment, fails to disclose whether the proper standard was utilized to change the prior custody order. See Ex parte McLendon, 455 So.2d 863 (Ala.1984). The trial court’s order merely changed custody from Ron Scott to Shyrl Stevens, without indicating any basis for that change. Furthermore, it appears inconsistent to completely remove custody from Ron Scott and to deny him visitation with his own biological children and yet allow him full-time care and responsibility for his stepchildren. Therefore, the cause must be remanded for a determination regarding custody and visitation on the basis of the appropriate standard for modifying the custody and visitation arrangements of a prior judgment.
The Scotts next argue that the trial court erred to reversal by not properly addressing the issue of child support or following the child support guidelines of Rule 32, Ala.R.Jud.Admin.
The matter of child support lies within the broad discretion of the trial court. Hannah v. Hannah, 582 So.2d 1125 (Ala.Civ.App.1991). Although guided by the mandatory application of Rule 32, Ala.R.Jud.Ad-min., actions concerning child support are still committed to the sound discretion of the trial court, and its decision on such matters will not be disturbed on appeal absent an abuse of discretion. Peck v. Peck, 581 So.2d 1119 (Ala.Civ.App.1991); Doyle v. Doyle, 579 So.2d 651 (Ala.Civ.App.1991); Belser v. Belser, 558 So.2d 960 (Ala.Civ.App.1990). The rule creates the presumption that the application of the guidelines will result in the correct amount of child support, but the rule allows that presumption to be rebutted. Specifically, if the trial court determines that the application of the guidelines would be unjust or inappropriate, it can enter a written finding, based upon the evidence, that will sufficiently rebut the presumption. Rule 32(A), Ala.R.Jud.Admin.
The facts of this case are unusual, and our thorough review of the record discloses evidence that might support, a determination that the application of the guidelines is inappropriate in this case. From the voluminous record, it is obvious that the trial court’s final order was an attempt to fashion a fair and workable arrangement for all parties and all children. The trial court made no findings regarding any change in circumstances warranting a modification in the child support obligations. See Moore v. Moore, 575 So.2d 95 (Ala.Civ.App.1990). Likewise, the record contains no finding that it would be unjust or inappropriate to apply the guidelines; see Rule 32(A), Ala.R.Jud.Admin.; Stewart v. Kelley, 587 So.2d 384 (Ala.Civ.App.1991). While we are mindful of the presumption of correctness that attaches to the judgment of a trial court based upon ore tenus evidence, *448 we conclude that the trial court abused its discretion by not properly addressing the issue of child support. Therefore, that portion of the judgment regarding child support is also due to be reversed and the cause remanded for further proceedings and/or the entry of an order regarding child support that is consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., concurs specially.