YATES, Judge.
The trial court divorced the parties on January 16, 1991, granting custody of the parties’ minor child to the mother, with liberal visitation to the father, and ordering the father to pay $575 per month in child support.
The father petitioned to modify custody in April 1991; one week later, the parties jointly moved the court to award custody of the child to the father and to terminate his obligation to pay child support. In May 1991, the court modified the divorce judgment, granting the parties their requested relief. In September 1994, the mother petitioned for custody, alleging that the father had “ceased to be a fit and proper person to have the care, custody, and control of the minor child.” She asked the court to order the father to pay child support and her attorney fee. The father answered and counterclaimed, asking the court to order the mother to pay child support in conformity with Rule 32, Ala. R. Jud. Admin.
After the appointment of a guardian ad litem, this case was tried ore tenus. In August 1995, the court modified the May 1991 order, awarding the parties joint custody, with the father having primary physical custody. It, however, did not address the issue of child support. The father appeals, contending that the court erred: (1) in applying the wrong standard of proof in the custody modification; and (2) in failing to award child support or to indicate its reasoning for not applying the child support guidelines.
Matters of child custody and support are within the trial court’s broad discretion when it hears ore tenus evidence on those matters, and the court’s ruling on these matters, based on that evidence, will not be disturbed except for an abuse of discretion or upon a showing of palpable error. Hutchinson v. Davis, 435 So.2d 1303 (Ala.Civ.App.1983); Jones v. Sprinkle, 621 So.2d 1341 (Ala.Civ.App.1993).
The court stated in its August 1995 order, “The McLendon standard does not apply in this case since there has not been a prior judicial determination of custody.” The record does not support this conclusion. Rather, the record indicates that custody was adjudicated both in the original divorce judgment in January 1991 and again in the post-judgment modification in April 1991.
Alabama law is clear that when there has been a prior custody determination, the parent seeking the change in custody must meet the stringent standard of proof mandated by Ex parte McLendon, 455 So.2d 863 (Ala.1984), i.e., must prove that a change in custody will materially promote the best interests and general welfare of the child. In addition, a parent’s remarriage, reformed lifestyle, and improved financial situation are not sufficient grounds to warrant an automatic change in custody. Id., Roper v. Roper, 564 So.2d 988 (Ala.Civ.App.1990).
The facts support the court’s assessment that both parents are equally capable of providing a loving and supportive home environment. The father has proven himself a responsible parent not only in his care of the minor child, but also in his care for the minor’s stepsister, whom he reared for a period of almost two years. The mother has remarried, and she has maintained continuous contact with the child, keeping her for an extended period during the summer. The guardian ad litem’s testimony indicated that the child’s preference was to live with both parents and to maintain her close relationship with her stepsister, but that the child would be happy with either parent. The court awarded the parties joint custody, with the father having primary physical custody. The court should have applied the McLendon standard, but, because there was no actual change in physical custody, we affirm.
Regarding the issue of child support, this court has consistently held that the child support guidelines set out in Rule 32 must be considered in all child custody and support determinations. These guidelines were established to provide an equitable means of determining support to be provided by payments to the custodial parent, and although the guidelines do not require strict adherence regarding the actual computation of *588 child support, the court must either apply them or provide an adequate explanation as to why they are inapplicable. The court’s failure to do so will result in reversal of its judgment and a remand of the case. Thomas v. Thomas, 575 So.2d 583 (Ala.Civ.App.1991); Stewart v. Kelley, 587 So.2d 384 (Ala.Civ.App.1991).
Further, in Martin v. Martin, 637 So.2d 901, 903 (Ala.Civ.App.1994), we stated:
“This court takes this opportunity to inform the trial courts of Alabama that, henceforth, when the record does not reflect that Rule 32(E) was complied with and child support is made an issue on appeal, the policy of this court will be either to immediately remand ... the case temporarily ... for compliance or to reverse the judgment and remand the case for further proceedings in compliance with Rule 32, Ala. R. Jud. Admin.”
On May 5,1996, we remanded this case for the trial court to enter an order in compliance with Rule 32. On June 10, 1996, the court ordered the mother to pay $60 per month as child support, stating its reasoning for the award. That award is affirmed.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.