747 So.2d 339 (1999)
N.W.S.S., a minor child, by and through his Guardian Ad Litem
v.
S.D.S.
M.D.S.
v.
S.D.S.
2970947 and 2971229.
Court of Civil Appeals of Alabama.
March 12, 1999.
Rehearing Denied May 14, 1999.
Certiorari Denied October 22, 1999.
Vanessa Arnold Shoots of Thiry & Caddell, Mobile, for appellant M.D.S.
Thomas A. Deas, Mobile, for appellee S.D.S.
Alabama Supreme Court 1981404.
YATES, Judge.
M.D.S. ("the mother") and S.D.S. ("the father") married in March 1994. Before the parties married, M.D.S. had had a son, N.W.S.S., out of wedlock. During the marriage, S.D.S. adopted the child. On September 3, 1997, S.D.S. filed a complaint for divorce, alleging incompatibility of temperament. At the January 28, 1998, hearing, both the mother and the father appeared with counsel and informed the court that an agreement had been reached between the parties; the agreement was read into the record without objection. The court then instructed the father's attorney to draft and submit a proposed judgment of divorce incorporating the agreement of the parties, for the court's consideration. The attorney did so, and the court adopted that proposal as its judgment. It read:
"An agreement having been entered into between the above parties and dictated into the record in open court, said agreement ... hereby is ratified and affirmed and the court ORDERS, ADJUDGES and DECREES as follows:
"1. That a divorce shall be granted to the [father].
"2. The [father] and the [mother] having agreed that the parental rights of the [father] should be terminated as to [N.W.S.S.], subject to the approval of the Court; and the Court having appointed a Guardian Ad Litem to represent the interests of the minor child; and the Court having terminated the *340 parental rights of the [father] to said minor child, no order is made as to the child's custody or support.
"3. The [father] having agreed to pay to the [mother] the sum of $345 per month subject to the issue of the termination of parental rights being determined, no further order is made as to the same.
"4. That the [father] shall pay to the [mother] the sum of $100.00 per month for six (6) months from January 28, 1998, regarding credit card debts made during the marriage; in the seventh (7th) month, the [father] shall pay to the [mother] $900.00 on the credit card debts.
"5. That the [mother] and her attorney are awarded a judgment in the amount of $500.00; payable by the [father] within 30 days from this date.
"6. That each party shall retain the personal property in their possession.
"7. That the [mother] shall claim the minor child as her dependent for income tax purposes.
"8. That the [father] shall pay the arrears owed to Holy Family School in the amount of $600.00; payable within 5 months from January 28, 1998.
"9. That no wage withholding order shall issue because of the issue of termination of the [father's] parental rights.
"10. That the [father] shall not be awarded any visitation with the minor child.
"11. That the [mother] reserves the right to resume use of her maiden name, if she chooses to do so."
The court scheduled a hearing for February 27, 1998, to make a determination as to the father's request to terminate his parental rights. A guardian ad litem was appointed to represent the interests of the child.
On February 10, 1998, the guardian ad litem filed an objection to the father's request for termination of his parental rights. Following a hearing, the court, on March 10, 1998, entered an order terminating the father's parental rights as to the minor child and awarding the guardian ad litem a $72 attorney fee.
On April 4, 1998, the mother moved to set aside the judgment, arguing that the court had failed to acquire subject-matter jurisdiction before the termination of the parental rights of the father. The mother further argued that, "due to life stresses," she had agreed to the provision in the separation agreement calling for the termination of the father's parental rights. The guardian ad litem also moved to set aside the order terminating the father's parental rights, arguing that the court had failed to acquire subject-matter jurisdiction. Following a hearing, the court denied both motions. Both the guardian ad litem and the mother appealed.
Both the guardian ad litem and the mother contend that the trial court did not have the authority to terminate the parental rights of the father. Both parties rely on § 12-15-30, Ala.Code 1975, for the proposition that jurisdiction over the request for termination was in the juvenile court.
The statute that governs jurisdiction in parental-rights-termination cases is § 12-15-30(b), Ala.Code 1975, which states:
"(b) The [juvenile] court shall also exercise original jurisdiction of the following proceedings, which shall be governed by the laws relating thereto:
". . . .
"(6) Termination of parental rights."
The trial court entered an order allowing the termination of the father's parental rights pursuant to a settlement agreement in a divorce action. Because § 12-15-30 establishes exclusive jurisdiction in the juvenile court to terminate parental rights, we conclude that the circuit court did not have subject-matter jurisdiction to rule in this matter. We note that this court has ruled that circuit courts have concurrent jurisdiction in § 12-15-30 *341 proceedings where a divorce action has been filed; however, the exception provision applies only to matters involving dependency, custody, or guardianship and does not apply in termination-of-parental-rights proceedings. Therefore, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
The requests by the guardian ad litem and the mother for an attorney fee on appeal are denied.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs specially.
ROBERTSON, Presiding Judge, concurring specially.
Section 12-15-30(b)(1), Ala.Code 1975, which vests exclusive jurisdiction to determine child custody and guardianship in the juvenile court, contains a proviso that it "shall not be construed to deprive other courts of the right to determine custody or guardianship of the person of children when such custody or guardianship is incidental to the determination of cases pending in those courts." That proviso has been construed so as to permit a circuit court hearing a divorce action to exercise concurrent jurisdiction to determine custody of the parties' children where parallel dependency litigation had been instituted by one of the parties. See P.R.G. v. W.P.R., 590 So.2d 913 (Ala.Civ.App.1991); Hoeck v. Hoeck, 545 So.2d 786 (Ala.Civ. App.1989). In contrast, § 12-15-30(b)(6), which pertains to the juvenile court's exclusive original jurisdiction in proceedings involving termination of parental rights, contains no such proviso; therefore, I concur in the reversal.