PITTMAN, Judge.
F.T.G. (“the father”) has petitioned this court for a writ of mandamus directing the Cullman Juvenile Court (“the juvenile court”) (1) to vacate a September 2, 2015, order (“the September 2 order”) that denied the father’s motion to dismiss an action the juvenile court had docketed as case no. CS-12-900013.01 and (2) to enter an order dismissing that action.[1] We grant the petition and issue the writ.
In 2011, T.T.R. (“the mother”) gave birth to W.R.T. (“the child”) while the mother was unmarried. Sometime in 2012, the father brought an action against the mother in the juvenile court, seeking an adjudication that'he was the child’s father (“the paternity action”); the juvenile court docketed the paternity action as case no. CS-12-900013. In January 2013, the juvenile court entered a judgment (“the paternity judgment”) in the paternity action adjudicating the father to be the child’s father and ordering the father to pay child support in the amount of $265 per month. The paternity judgment did not expressly address the issue of child custody.
After the entry of the paternity judgment, the mother and the father married.[2] On June 2, 2013, the parties separated, and on June 3, 2013, the father brought an action against the mother in the Cullman Circuit Court (“the circuit court”), seeking a divorce, custody of' the child, and an award of child support (“the divorce action”). The parties subsequently reached an agreement regarding the terms of their divorce, and, on January 14, 2014, the circuit court entered a judgment (“the divorce judgment”) in accordance with the terms of the parties’ agreement. Among other things, the divorce judgment awarded the parties joint physical custody of the child and made no provision for child support.
On February 25, 2015, approximately 13 months after the entry of the divorce judgment, the mother filed a Rule 60(b), Ala. R. Civ. P., motion in the divorce action seeking relief from the divorce judgment based on her contentions that the award of child support in the paternity judgment had constituted an implied custody determination awarding the mother custody of the child and that, therefore, the circuit court had lacked jurisdiction to modify either that implied custody determination or the award of child support in the paternity judgment. On April 21, 2015, the circuit court entered an order denying the mother’s Rule 60(b) motion; in pertinent part, that order stated:
“The [mother’s] motion is grounded upon [her] assertion that the [divorce] judgment is void as to issues of custody, visitation and support for lack of jurisdiction in this court. The essential facts are as follows: The parties were unmarried parents of a, child when [the father] filed [the paternity action] to establish *84 his paternity-of the child at issue herein. The CS [judgment] in [the juvenile] court adjudicated paternity and ordered [the father] to pay support. Thereafter, the parties married, but later filed for divorce. A negotiated settlement resulted in a judgment of divorce which provided for joint legal and physical custody of the child.
“[The mother], [13] months after [the divorce] judgment was entered, has now filed [a motion seeking] to void this judgment in regard to provisions for custody, visitation and support, [The mother] relies upon a- recent opinion in Ex parte Washington, 176 So.3d 852 (Ala.Civ.App.2015),] in support of- her request for relief.
“The court finds, however, that Ex parte Washington is distinguishable from the instant case. In Ex parte Washington, the parties never married. Being unhappy with the determination of the [juvenile court], the unwed father sought a modification to obtain custody through a petition in circuit court. In that circumstance, the [Alabama Court of Civil Appeals] held that the circuit court never acquired jurisdiction. Orders entered which granted the father relief were thus void.
“In the case before this court, however, the parties married after the initial CS [judgment]. Thereafter, with each being represented by counsel,;they submitted all issues through [a] settlement agreement to the circuit court for entry of a judgment of divorce and all issues encompassed thereby. [The mother] has cited no authority for the proposition that the circuit court, a court of general jurisdiction, lacked jurisdiction over the child of these parties under these circumstances.
“Therefore, [the mother’s Rule 60(b) motion] is respectfully denied.”
On July 10, 2015, the mother filed a petition in the juvenile court asking that court to increase the amount of child support it had awarded her in the paternity judgment and to establish a visitation schedule for the father. The juvenile court docketed the action commenced by the mother’s petition as case no. CS-12-900013.01. In support of her petition, the mother alleged that the provision in the paternity judgment requiring the father to pay child support had impliedly awarded her. custody of the child, that the juvenile court had retained jurisdiction over the issues of custody and child support despite the parties’ subsequent marriage and the commencement of the divorce action, that the circuit court had lacked jurisdiction to award the parties joint physical custody and to eliminate the child-support award, and that a material change in circumstances had occurred since the entry of the paternity judgment that warranted an increase in the amount of child support the paternity judgment had ordered the father to pay. On September 1, 2015, the father filed a motion to dismiss the mother’s petition in case no. CS-12-900013.01. In his motion, the father asserted, among other things, that the circuit court had had jurisdiction over the issues of custody and child support when it entered the divorce judgment and that, because the circuit court’s order denying the .mother’s Rule 60(b) motion had already adjudicated the issue whether the circuit court had had jurisdiction over the issues of custody and child support when it entered the divorce judgment, the doctrine of res judicata barred the juvenile court from relitigating that issue. The next day, the juvenile court entered the September 2 order, which stated;
“The court hereby rules [that] the Circuit Court of Cullman County lacked *85 jurisdiction for the disposition of the custody of the minor child- ... when it entered [the divorce judgment] on January [14], 2014. The [juvenile court] entered its order on January 31, 2013[,] and this court will hold that order as controlling with the [mother] having custody of the minor child.”
In his mandamus petition, the father, citing J.H. v. J.W., 69 So.3d 870 (Ala.Civ.App.2011), and Ex parte T.C., 63 So.3d 627 (Ala.Civ.App.2010), first asserts that, the juvenile court did not have continuing jurisdiction over the issues of custody and child support after entering the paternity judgment because, the father says, the juvenile court had not adjudicated the child to be dependent, delinquent, or in need , of supervision in the paternity judgment. After January 1, 2009, the effective date, of the Alabama Juvenile Justice Act (“the AJJA”), Act No. 2008-277, Ala. Acts 2008, now codified as § 12-16-101 et seq., Ala. Code 1975, and before May 14, 2012, the effective date of Act No. 2012-383, Ala. Acts 2012, which, among other things, amended the AJJA in certain respects, this court held in several cases, including J.H. v. J.W. and Ex parte T.C., that, after the effective date of the AJJA, a juvenile court no longer had continuing jurisdiction over a child as to whom it had adjudicated custody unless its judgment adjudicating custody had found the child to be dependent, delinquent, or in need of supervision. In response to those decisions, the legislature enacted Act No. 2012-383. Among other things, Act No. 2012-383 amended the AJJA to add a provision now codified as § 12-15-117.1, Ala.Code 1975. Subsection (a) of § 12-15-117.1 states:
“The Legislature finds that it was its original intent in the adoption of the Alabama Juvenile Justice Act (Act 2008-277) for a juvenile court to retain continuing jurisdiction in all cases in • its jurisdiction to the extent provided by law. Act 2012-383 is curative and shall apply retroactively to ratify and: confirm the exercise of continuing jurisdiction of the juvenile court to modify and enforce a judgment in cases filed in juvenile court on or after January 1, 2009, and prior to May 14, 2012, Any order of a juvenile court issued while exercising jurisdiction pursuant to this subsection during this time shall be deemed valid.”
Act No. 2012-383 also amended § 12-15-117(a), Ala.Code 1975, so- that it now provides:
“(a) Once a child has been adjudicated dependent, delinquent, or in need of supervision, jurisdiction of the juvenile court shall terminate when the child becomes 21 years of age unless, prior thereto, the. judge of the juvenile court terminates-its jurisdiction by explicitly stating in a written order that it is terminating jurisdiction over the case involving the child, Nothing in this section is intended.to affect the initial and continuing jurisdiction of juvenile courts over cases other than delinquency, dependency, or in need of supervision cases as provided-in Sections 12-15-1U, 12-15-115, 12-15-116, [Ala.Code 1975,] or any other statute by which jurisdiction was initially lawfully invoked."
(Emphasis added.)
Act No. 2012-383 also amended § 12-15-115, Ala.Code 1975, by adding a new subsection (a)(7). As amended by Act No. 2012-383, § 12-15-115 now provides, in pertinent part:
“(a) A juvenile court shall also exercise original jurisdiction of the following civil proceedings:
[[Image here]]
“(7) Proceedings to establish, modify, or enforce support, visitation, or *86 custody when a juvenile court previously has established parentage.”
Finally, § 12-15-117(c), Ala.Code 1975, as amended by Act No. 2012-383, now provides:
“(c) In any case over which the juvenile court has jurisdiction, the juvenile court shall retain jurisdiction over an individual of any age to enforce or modify any prior orders of the juvenile court unless otherwise provided by law and also shall retain jurisdiction for the enforcement or modification of any prior orders of the juvenile court requiring the payment of fines, court costs, restitution, or other money ordered by the juvenile court until paid in full.”
(Emphasis added.)
Accordingly, the provisions of Act No. 2012-383 cited above have superseded cases such as J.H. v. J.W. and Ex parte T.C. insofar as they held that the continuing jurisdiction of juvenile courts was limited to cases in which the juvenile courts had adjudicated a child to be dependent, delinquent, or in need of supervision. Therefore, we reject the father’s argument based on J.H. v. J.W. and Ex parte T.C.
However, because the father has challenged the subject-matter jurisdiction of the juvenile court to enter the September 2 order, we are not limited to the argument made by the father based on J.H. v. J.W. and Ex parte T.C. in analyzing whether the juvenile court had subject-matter jurisdiction to enter that order. See Riley v. Hughes, 17 So.3d 643, 648 (Ala.2009) (“[An appellate court is] not confined to the arguments of the parties in [its] subject-matter-jurisdiction analysis because subject-matter jurisdiction cannot be waived by the failure to argue it as an issue.”).
Under present law, § 12-15-115(a)(6), Ala.Code 1975, grants juvenile courts original, but not exclusive, jurisdiction to adjudicate the parentage of children. Compare § 12-15-114(a), Ala.Code 1975, which provides that “[a] juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision” (emphasis added), and § 12-15-116(a), Ala.Code 1975, which provides that “[a] juvenile court shall have exclusive original jurisdiction to try any individual committing any of the following offenses while 18 years of age or older — ” (emphasis added), with § 12-15-115(a)(6), which provides that “[a] juvenile court shall also exercise original jurisdiction of the following civil proceedings: ... (6) Proceedings to establish parentage of a child pursuant to the Alabama Uniform Parentage Act, Chapter 17 of Title 26.”
Section 26-17-104, Ala.Code 1975, a part of the Alabama Uniform Parentage Act (2008), § 26-17-101 et seq., Ala.Code 1975, provides:
“A circuit or district court of this state or any other court of this state, as provided by law, shall have original jurisdiction to adjudicate parentage pursuant to this chapter and may determine issues of custody, support, and visitation incidental to a determination of parentage. If an issue of non-parentage is raised in a domestic relations action in this state, a court of this state having jurisdiction over the domestic relations action shall have the authority to adjudicate parentage or non-parentage pursuant to this chapter.”
(Emphasis added.) Thus, under present law, juvenile courts, district courts, and circuit courts have concurrent jurisdiction to adjudicate issues of parentage and to adjudicate issues of custody, visitation, and child support incidental to an adjudication of parentage.
*87 In the present case, once the father invoked the juvenile court’s jurisdiction to adjudicate parentage, the juvenile court had jurisdiction to adjudicate not only the issue of parentage but also issues of custody, visitation, and child support incidental to an adjudication of parentage. See §§ 12-15-115(a)(6) and 26-17-104. Moreover, once the juvenile court’s jurisdiction to adjudicate those issues was invoked, §§ 12-15-115(a)(7) and 12-15-117(c) became applicable. As noted above, § 12-15-115(a)(7) provides that a juvenile court has original, but not exclusive, jurisdiction to adjudicate “[proceedings to establish, modify, or enforce support, visitation, or custody when a juvenile court previously has established parentage.” We note that, in Burnette v. Tighe, 162 So.3d 911, 915 (Ala.Civ.App.2014), we stated: “Section 12-15-115(a)(7), Ala.Code 1975, provides that juvenile courts also have original exclusive jurisdiction in ‘[proceedings to establish, modify, or enforce support, visitation, or custody when a juvenile court previously has established parentage.’ ” (Emphasis altered.) As noted above, a comparison of the language of §§ 12-15-114(a) and 12-15-116(a), both of which state that the juvenile court’s original jurisdiction is “exclusive” with respect to the proceedings listed therein, with the language of § 12-15-115(a), which does not state that the juvenile court’s original jurisdiction is “exclusive” with respect to the proceedings listed therein, indicates that the original jurisdiction granted the juvenile courts in § 12-15-115(a) is ' not exclusive. The quoted sentence from Burnette v. Tighe failed to acknowledge the absence of the word “exclusive” in § 12-15-115(a). Cf. former § 12-15-31(2), Ala.Code 1975 (a Code section repealed effective January 1, 2009, by the AJJA that had provided that juvenile courts had “exclusive original jurisdiction ... (2) [i]n proceedings to establish paternity of a child born out of wedlock” (emphasis added)). Therefore, we overrule Burnette v. Tighe insofar as it indicated that the original jurisdiction granted the juvenile courts in § 12-15-115(a)(7) is exclusive.
As noted above, § 12-15-117(c) provides, in pertinent part, that, “[i]n any case over which the juvenile court has jurisdiction, the juvenile court shall retain jurisdiction over an individual of any age to , enforce or modify any prior orders of the juvenile court unless otherwise provided by law....” However, the father’s filing his divorce complaint, which sought custody of the child and child support, invoked the circuit court’s concurrent jurisdiction to adjudicate the issues of custody, visitation, and support by virtue of its jurisdiction over those issues in divorce actions. See, e.g., P.R.G. v. W.P.R., 590 So.2d 913, 914 (Ala.Civ.App.1991).
In P.R.G. v. W.P.R, the Jefferson Juvenile Court had assumed jurisdiction over P.R.G. and W.P.R., a married couple, and J.N.R., their child, in a dependency action commenced in 1984. Thereafter, the Jefferson Juvenile Court awarded W.P.R. custody of J.N.R. The Jefferson Circuit Court subsequently divorced P.R.G. and W.P.R. and awarded W.P.R. custody of J.N.R. Thereafter, P.R.G. petitioned the Jefferson Circuit Court to modify the divorce judgment to award her custody of J.N.R.; however, the Jefferson Circuit Court denied her petition. P.R.G. then appealed to this court, and we affirmed the judgment of the Jefferson Circuit Court in Roper v. Roper, 564 So.2d 988 (Ala.Civ.App.1990). P.R.G. then filed another dependency petition in the Jefferson Juvenile Court, which subsequently dismissed the action and referred the parties to the Jefferson Circuit Court. P.R.G. then appealed to this court from the Jefferson Juvenile Court’s judgment dismissing her dependency action. P.R.G. assert *88 ed that the Jefferson Juvenile Court had erred in dismissing her dependency action because, she said, that court had continuing jurisdiction over the child despite the intervening divorce action. Affirming the judgment of the Jefferson Juvenile Court, this court stated:
“When the divorce complaint of the parties in this case was filed, wherein the custody of J.N.R. was at issue, the circuit court assumed concurrent jurisdiction over the child’s custody. § 12-15-30(b)(l), [Ala.] Code 1975; Hoeck v. Hoeck, 545 So.2d 786 (Ala.Civ.App.1989).
“After carefully examining the record in this case, as well as our prior opinion, we have, been unable to find any objection by the mother to the circuit court’s exercise of jurisdiction over questions of the child’s custody during the divorce action. In fact, we note that the mother filed a petition to modify custody with the circuit court. ‘Unless there is objection, even though one court has assumed jurisdiction of a matter, another court with concurrent authority may act in the same matter.’ Sheffield v. Sheffield, 350 So.2d 1056, 1058 (Ala.Civ.App.1977). Thus, in spite of the fact that the juvenile court had issued previous orders concerning J.N.R. in response to the dependency petitions, the circuit court, which had concurrent jurisdiction over the child’s custody, acted properly when it determined the question of J.N.R.’s custody.
“Further, once a circuit court has acquired jurisdiction over a child pursuant to a divorce and decides the question of custody, that court retains jurisdiction over custody until the child reaches majority. As a result, the juvenile court no longer has authority to determine custody under the dependency statute. Rowe v. Hill, 365 So.2d 1247 (Ala.Civ.App.1979).”
590 So.2d at 914.
In the present case, although the juvenile court had continuing jurisdiction over the issues of custody, visitation, and support by virtue of §§ 12-15-115(a)(7) and 12 — 15—117(c), the father invoked the circuit court’s concurrent jurisdiction over those issues when he filed his divorce complaint. The mother did not object to the circuit court’s exercise of its concurrent jurisdiction over those issues before the circuit court entered its judgment in accordance with the parties’ agreement. She could not later assert a valid objection to the circuit court’s exercise of its concurrent jurisdiction after the entry of the divorce judgment in her Rule 60(b) motion because she had waived that objection by failing to make it before the circuit court entered its judgment. See P.R.G. v. W.P.R. Having adjudicated the issues of custody and support in the divorce judgment, the circuit court retains jurisdiction over those issues until the child reaches the age of majority. Id. As the circuit court noted in its judgment denying the mother’s Rule 60(b) motion, Ex parte Washington, 176 So.3d 852 (Ala.Civ.App.2015), is distinguishable from the present case because neither' of the parties in that case had invoked the El-more Circuit Court’s concurrent jurisdiction over the issues of custody, visitation, and support by filing a divorce complaint in that court. Ex parte Washington is also distinguishable because one of the parties in that case had objected to the Elmore Circuit Court’s exercising jurisdiction before that court entered a judgment. Accordingly, we grant the father’s petition and issue a writ of mandamus directing the juvenile court to vacate the September 2 order and to dismiss the action it docketed as case no. CS-12-900013.01.
*89 PETITION GRANTED; WRIT ISSUED.
MOORE and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, ■without writing.
THOMAS, J., recuses herself.

. Although the September 2 order does not indicate that the judge of the Cullman District Court who rendered it was sitting as a juvenile-court judge, a case designated with a "CS” case number is considered a juvenile-court case. Cf. R.P.M. v. P.D.A., 112 So.3d 49, 51 (Ala.Civ.App.2012) (" '[A] case designated with a "CS” case number is considered a juvenile-court action, whether it is filed in a juvenile court or in a circuit court.” " (quoting C.W.S. v. C.M.P., 99 So.3d 864, 866 n. 1 (Ala.Civ.App.2012))).

. The father’s mandamus petition alleges that the parties married on March 3, 2012, which would have been before the entry of the paternity judgment in January 2013; however, the year "2012” in that allegation appears to be a typographical error because the majority of the- documents attached to the father's petition indicate that the parties married on March 3, 2013, which was after the entry of the paternity judgment.