Rel: May 19, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2023-0225

_____

**Ex parte Jordan Anderson**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Jordan Latrielle Singh Anderson**

**v.**

**Giovanni Guerrero)**

**(Madison Circuit Court, DR-23-900285)**

_____

### CL-2023-0226

_____

**Ex parte Alexis Valentin**

**PETITION FOR WRIT OF MANDAMUS**

**(In re:  Alexis Valentin**

v.

**Celine Raquel Draper)**

**(Madison Circuit Court, DR-23-900254)**

FRIDY, Judge.

These petitions for writs of mandamus arise from two actions that, as is relevant to this opinion, are in the same procedural posture. The petitioners seek the same relief in each petition -- that this court vacate orders of the Madison Circuit Court ("the circuit court") transferring each action to the Madison Juvenile Court ("the juvenile court"). At the petitioners' request, this court consolidated the petitions. For the reasons discussed herein, we grant the petitions.

<u>Background</u>

In petition number CL-2023-0225, Jordan Latrielle Singh Anderson commenced an action in the circuit court seeking an adjudication of paternity of the child she asserts that she had with Giovanni Guerrero, to whom she has never been married but with whom she had a romantic relationship. She also requested sole legal and sole physical custody of the child and sought an award of child support from Guerrero.

In petition number CL-2023-0226, Alexis Valentin commenced an action in the circuit court seeking an adjudication of paternity of two children born to Celine Raquel Draper, with whom he had had sexual relations but to whom he was not married. In his action, Valentin sought joint legal and joint physical custody of the children.

The circuit court entered orders in both cases on April 3, 2023, transferring the actions to the juvenile court. In the orders, which are identical, the juvenile court observed that paternity was "the primary issue" in both cases. It stated: "While both the Circuit and the Juvenile court may adjudicate paternity, the Juvenile Court is the Court of original jurisdiction in Alabama for the establishment of paternity." The circuit court also noted that the juvenile court was "an appropriate court" to address custody of the children involved.

On April 13, 2023, Anderson and Valentin, who are represented by the same attorney, filed their respective petitions for a writ of mandamus, which are virtually identical.

Analysis

A petition for a writ of mandamus is an appropriate means to seek to set aside an allegedly improper order transferring a case to another

3

court within the same county. Ex parte N.G., 321 So. 3d 655, 657 (Ala. 2020).

> "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."

Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala.1995).

In their petitions for writs of mandamus, Anderson and Valentin contend that the circuit court's orders transferring their actions to the juvenile court deprive them of their right to choose the forum in which their paternity and custody actions are to be adjudicated. In support of their argument, they assert that the circuit court lacked the authority to transfer their actions to the juvenile court and that the circuit court had a "duty to sit" once Anderson and Valentin filed their actions in a court that properly has jurisdiction over paternity and custody in these cases.

In Gurganus v. Clay, [Ms. 2210466, Sept. 16, 2022] ___ So. 3d ___ (Ala. Civ. App. 2022), this court observed that § 12-15-115(a)(6), Ala. Code 1975, provides that juvenile courts shall exercise original jurisdiction -- rather than exclusive jurisdiction -- over proceedings to establish the parentage of a child pursuant to the Alabama Uniform

4

Parentage Act ("the AUPA"), § 26-17-101 et seq., Ala. Code 1975. This court noted that § 26-17-104, Ala. Code 1975, a part of the AUPA, provides, in pertinent part, that "[a] circuit or district court of this state or any other court of this state, as provided by law, shall have original jurisdiction to adjudicate parentage pursuant to [the AUPA] and may determine issues of custody, support, and visitation incidental to a determination of parentage." See also Ex parte F.T.G., 199 So. 3d 82, 86 (Ala. Civ. App. 2015) (holding that "under present law, juvenile courts, district courts, and circuit courts have concurrent jurisdiction to adjudicate issues of parentage and to adjudicate issues of custody, visitation, and child support incidental to an adjudication of parentage").

Here, the circuit court had jurisdiction over Anderson's and Valentin's actions seeking the adjudication of paternity and the incidental issues of custody, visitation, and child support. It was not authorized by statute to transfer the actions to the juvenile court. Cf. § 12-11-11, Ala. Code 1975 (allowing the transfer of a case within the same county when it appears that it should have been brought in another court in that county). Therefore, Anderson and Valentin are entitled to have

their actions heard in the circuit court, and their respective petitions for a writ of mandamus are due to be granted.

CL-2023-0225 -- PETITION GRANTED; WRIT ISSUED.

CL-2023-0226 -- PETITION GRANTED; WRIT ISSUED.

Thompson, P.J., and Moore, Edwards, and Hanson, JJ., concur.